THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM KANZE, Alias BRAD, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FRANK TYNAN, Alias CHUBBY, Defendant.

City Court of New Rochelle, November 26, 1951.

*Aaron Simmons, Corporation Counsel (John Bodmer* of counsel), for plaintiff.

*Albert F. Wustenhoefer* for William Kanze, defendant.

*George E. Galgano* for Frank Tynan, defendant.

FASSO, J. This is a motion for a joint trial of two defendants who are charged by separate informations with violations of section 986 of the Penal Law of the State of New York.

With respect to the defendant Frank Tynan, it is alleged that he engaged in book-making on September 19th, on September 22d, and on September 27th in a restaurant at 9 Huguenot Street, in the city of New Rochelle. The defendant, William Kanze, is alleged to have engaged in book-making at the same place on September 27, 1951. The informations do not set forth the precise time.

The application of the People is based upon the similarity of the offenses and of the place and date of the occurrence.

The defendants oppose the motion and insist upon separate trials on the ground that the rights of each defendant would be prejudiced if all the charges are tried together.

It is the function of a court not only to insure a fair trial to all defendants who come before it but to afford to every defendant the assurance that the trial will be in all respects fair and proper. Since one of the defendants is at present incarcerated in the Westchester County Penitentiary, he would have to be brought to the court as a prisoner if a trial is to be held in the near future. These circumstances might tend to prejudice the other defendant.

The People have urged, in support of the motion, section 279 of the Code of Criminal Procedure. This section, in the opinion

of the court, is not applicable to the situation now before the court. The pertinent law is to be found in section 391 of the Code of Criminal Procedure, which provides that " Defendants, jointly indicted, may be tried separately or jointly in the discretion of the court." Under this section, it is doubtful if the defendants can be tried jointly for they were not " jointly indicted " or jointly charged by informations filed in this court. Rather, the defendants were charged separately and independently with violations of the law and, it must be emphasized, there is no allegation in any of the informations that the defendants acted jointly or aided or abetted each other.

In view of the foregoing, the court must conclude that it apparently has no power to order a joint trial of the defendants upon the facts and circumstances submitted to the court, and, if it did have such power, it would be an abuse of discretion to require a joint trial of the defendants. The Appellate Division, First Department, on April 18, 1947, in the case of *People* v. *Morett* (272 App. Div. 96) in a case very much similar on the facts, reversed convictions against two defendants charged with book-making, and said (p. 98): " On retrial, each defendant should be tried separately on the information directed against him, and his guilt or innocence established solely by the proof adduced in his own case."

The motion to consolidate and for a joint trial of the defendant is denied. All charges are set down for December 5th, on which day a trial date will be determined.