Mario Pittoni, J.
The defendants, John P. Grella, Eugene A. Caimbra and Paul J. Keller, appeal from judgments of conviction entered against them on or about April 24, 1956, in consolidated actions tried before the Police Judge of the Village of Hempstead. Each of the defendants was charged in an individual information with disorderly conduct in violation of section 50 of the Village Ordinances of the Incorporated Village of Hempstead and each was fined the sum of $25 or, in the alternative, sentenced to five days in the Nassau County Jail. In each case the fine has been paid.
*94 Originally, six separate and distinct informations were filed against six separate and distinct defendants.. One of the complaints which may serve as a specimen for the rest, reads in part as follows: ‘ ‘ the defendant above named did commit and was guilty of disorderly conduct and was and is a disorderly person in that the defendant did use profane language in a loud and boisterous manner and by his actions did annoy, disturb and interfere with patrons in a public theatre, to wit: the Rivoli Theatre, and did refuse to leave the theatre when requested to do so and did disturb the peace and quiet of the village and created a disturbance.”
The defendants have raised several points which they claim constituted reversible error on the part of the trial court. However, the only one which seems to have substance is that addressed to the merger of the People v. Hart trial record into the joint trial of the other five defendants.
The court first heard the case against a defendant, Richard J. Hart. During that trial the court expressed his intention to join all the other defendants and informations for trial at one time and used the following language: ‘ ‘ What I have in mind is this, try the case against Richard J. Hart and when we have finished that, I would consider the testimony in each of the other cases insofar as it may relate to the next defendant to apply in a general way to give the background so we don’t have to go through the same story each time. Then each side can put in any additional testimony that he desires to. I think that would be the common-sense way. We will continue with this case as an individual.”
The record does not show whether the defendant Hart’s attorney made any objection at this time, even though he had been retained to represent the other five defendants. However, the attorney for the complainant said: “ I believe your Honor denied a motion of the counsel for the defendant ”.
Upon the conclusion of that trial the defendant Hart was found not guilty. The court then ordered the cases of the other five defendants consolidated. The court’s reason was that all the others were present during the trial of defendant Hart, that they were represented by the same counsel and that the acts complained of were ones in which all defendants were alleged to have participated generally. He then said that the testimony in the Hart case should be deemed the testimony in the consolidated cases to the extent that it might apply to each individual defendant. To the extent that it did not apply, the testimony in the Hart case would be excluded. The defense counsel objected and said: “ I will say each defendant is entitled *95 to a separate trial. I think each and every defendant is entitled to a trial by himself * * * I say that by not getting a separate trial it will prejudice the rights of each and every defendant.”
The court said, in answer to this objection, that each of the defendants had already testified in the Hart case and that since there was no jury, the court would be able to distinguish between the defendants.
The District Attorney argues that the issues were so bound up with each other that it would have served no useful purpose to repeat the testimony six times and tie up the business of the court unnecessarily.
The reasons stated by the court and the District Attorney are insufficient answers. Firstly, the merger of a previously tried penal action into a subsequent one for joint consideration by the court of the guilt or innocence of the defendant in the second penal action has been disapproved (People v. Morett, 272 App. Div. 96). Furthermore, the use of the testimony or of the transcript of minutes of the Hart trial would, when used in the subsequent trial of the other defendants, violate the fundamental rule against the use of hearsay evidence. It is just as if the court had read into the subsequent trial of the other five defendants the transcript of the minutes of the prior Hart trial. When the defendant Hart was tried individually, his attorney represented only him. He conducted his examination and cross-examination solely as Hart’s attorney. His strategy in conducting his examination and cross-examination where one defendant was on trial might differ from a situation where he was defending all six at one time. It goes without saying that the right and opportunity of proper cross-examination is one of the bulwarks in the development of truth in our Anglo-American law. The lack of opportunity to test hearsay evidence by proper cross-examination is one of the major reasons for the exclusion of hearsay evidence. While there are some exceptions to the hearsay rule in New York, this case does not fall into the nearest exception which might be considered, i.e., the use of former testimony pursuant to section 8 (subd. 3, pars, [a], [d]) of the Code of Criminal Procedure.
Nor is section 391 of the Code of Criminal Procedure any authority for the merger and consolidation in this case. That section merely provides that defendants, jointly indicted, may be tried separately or jointly in the discretion of the court. Here, there was no joint indictment or information (People v. Kanze, 200 Misc. 907).
*96 In view of the above it is this court’s opinion that the trial court was without power to order the merger of the Hart case into the other five cases. The judgments of the lower court are therefore reversed and a new trial is ordered as to the defendants John P. G-rella, Eugene A. Cambra and Paul J. Keller. Submit order accordingly.