Per Curiam.

The trial court had no power to order a consolidation because the separate information filed against each defendant failed to allege the existence of a common scheme or plan or concerted action ¡by the defendants as required by section 279 of the Code of Criminal Procedure. Thus each defendant was deprived of a fundamental right to a separate trial upon the evidence adduced in the case against him alone.
In People v. Morett (272 App. Div. 96, 98 [1st Dept., 1947]) the court said: “On retrial, each defendant should be tried separately on the information directed against him, and his guilt or innocence established solely by the proof adduced in his own case.”
In People v. Kanze (200 Misc. 907, 908-909 [City Ct. of New Rochelle]) the court said: “The People have urged, in support of the motion [for consolidation], .section 279 of the Code of Criminal Procedure. This section, in the opinion of the court, is not applicable to the situation now before the court. The pertinent -law is to be found in section 391 of the Code of Criminal Procedure, which provides that ‘ Defendants, jointly indicted, may be tried separately or jointly in the discretion of the court. ’ Under this section, it is doubtful if the defendants can be tried jointly for they were not ‘ jointly indicted ’ or jointly charged by informations filed in this court. Rather, the defendants were charged separately and independently with *874 violations of the law and, it must be emphasized, there is no allegation in any of the informations that the defendants acted jointly or aided or abetted each other.
‘ In view of the foregoing, the court must conclude that it apparently has no power to order a joint trial of the defendants upon the facts and circumstances submitted to the court, and, if it did have .such power, it would be an abuse of discretion to require a joint trial of the defendants.” (See, also, Allen v. Grella, 4 Misc 2d 93 [County Ct., Nassau County, 1956].)
People v. Konopka (5 Mise 2d 507 [County Ct., Suffolk County, 1957]), cited by the District Attorney as argument in support of consolidation, is inapplicable to the facts herein involved, except the language concerning fair trial is peculiarly applicable herein. The court said (p. 509): “Though the evidence adduced strongly points towards the guilt of this defendant, each defendant, whatever his crime, has a right to a fair and impartial trial and when this has not been accorded him the result must be set aside.”
There were various other meritorious assignments of error argued by the appellants. The basic error heretofore set forth makes it unnecessary to fully develop the remaining assignments except that it should be pointed out that it was an improvident exercise of discretion to permit a member of the clergy to sit alongside the complaining witness while the jury was being impanelled in this type of case when all other witnesses were excluded. It gave an air of credence and respectability to anything the complainant might thereafter say and was prejudicial to the defendants. It was error to prohibit the cross-examination of the complaining witness as to the facts related by her to the policeman. In the event that this case is retried on the theory of common plan or scheme or concerted design it may be necessary to permit testimony concerning events prior to the actual assaults in order to determine whether such concert or design existed. The omission to enlarge upon the other assigned errors must not be construed as approval.
As to the defendant Striano, who has not appealed, the court below should promptly entertain a motion for a new trial based upon the decision herein.
The judgments of conviction should be unanimously reversed on the law and separate new trials ordered as to all the appellants.
Concur — Di Giovanna, Gulotta and Sohwabtzwald, JJ.
Judgments reversed, etc.