THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVERN J. BANKS, Appellant.— Defendant appeals from a judgment of the Supreme Court, Queens County, rendered March 21, 1973, convicting him, after a jury trial, of criminal sale of a dangerous drug in the third degree and imposing sentence. Judgment reversed, on the law and the facts, and a new trial ordered. Appellant was indicted along with one Charles Wills for the concerted, illicit sale of narcotics. Wills, in a separate indictment, was charged with selling narcotics on another occasion along with one Darnell Hamlett. The trial court granted the People's application to consolidate the indictments for trial. It was an improvident exercise of discretion for the court to grant the application for consolidation. A trial court may order that indictments be consolidated when two or more defendants are charged in separate indictments with the same offense or offenses as that term is defined in CPL 40.10 (CPL 200.40, subd. 2). In the present case, although both indictments charged Wills and his codefendants with the unlawful sale of narcotics in the third degree, there was no allegation that the codefendants, Hamlett in the one indictment and appellant in the other, had acted in concert. In the absence of an allegation that appellant was involved in the other crime, consolidation deprived him of his right to a separate trial (*People* v. *De More*, 45 Misc 2d 872). The error was compounded by the fact that the prosecution was permitted to elicit information of a friendly relationship between Hamlett and appellant. The jury was thus given the opportunity to infer that all defendants had been involved in a common scheme or plan although there was no allegation to that effect. We note that at the time of the new trial, in the event that the defense seeks to have the identity of the confidential informant divulged, the circumstances of this case would warrant the court's consideration of the application. It appears that the informant may have been a bystander at the time of the sale and could, therefore, provide crucial identification testimony. The privilege of secrecy would then be outweighed by the necessity of the

testimony to a fair determination of the cause (*Roviaro* v. *United States*, 353 U. S. 53; *People* v. *Goggins*, 34 N Y 2d 163). If, as at the prior trial, the prosecutor states that the informant's whereabouts are unknown, a hearing would be appropriate to ascertain the extent of the efforts used to secure the informant's presence in court. Hopkins, Acting P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.