■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES WILLS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 21, 1973, convicting him of criminally selling a dangerous drug in the third degree (two counts), upon a jury verdict, and imposing sentence. Judgment affirmed. The case is remitted to the Supreme Court, Queens County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd 5). We note that we recently reversed the conviction of one of appellant's codefendants and ordered a new trial *(People v Banks,* 45 AD2d 1024). We do not find that the reasons for the reversal in *Banks* are available to appellant. Thus, it was held that Banks was denied his right to a separate trial because his trial with appellant for the concerted, illicit sale of narcotics was held together with the trial of appellant and one Darnell Hamlett pertaining to a sale of narcotics in which Banks was not alleged to have been involved. Appellant, however, cannot be heard to argue that consolidation deprived him of a fair trial because he was charged with the same type of offense under both indictments (see CPL 200.40, subd 2). We also noted in *Banks* that, at the time of the new trial to be held pursuant thereto, the facts warranted the trial court's consideration of any renewed requests to have the identity of the confidential informant divulged. Crucial identification testimony relative to Banks might well be elicited were the informant to be called as a witness. In that circumstance, the privilege of secrecy was outweighed by the necessity of the testimony to a fair determination of the cause *(Roviaro v United States,* 353 US 53; *People v Goggins,* 34 NY2d 163). With regard to appellant, however, the confidentiality of the informant was properly preserved because there was ample identification testimony from other witnesses. We have examined appellant's remaining arguments and find them to be without merit. Rabin, Acting P. J., Hopkins, Martuscello, Latham and Brennan, JJ., concur.