■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN POTTER, Appellant.—Judgment, Supreme Court, New York County, rendered December 6, 1974, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree, unanimously reversed, on the law, and a new trial directed. With commendable candor, the District Attorney concedes that the instant judgment must be reversed and a new trial granted due to the improper consolidation of indictments and the prejudice to defendant at trial which resulted from this consolidation. In one indictment, defendant was charged with a sale of heroin occurring on October 15, 1973. In another indictment, defendant and one Sylvia Mitchell were charged with a sale occurring on October 1, 1973. In a third indictment, Sylvia Mitchell was charged with separate sales occurring on October 1 and October 9, 1973. These three indictments were consolidated for trial over defense counsel's objection and in direct contravention of CPL 200.40. Further, at the close of the People's case, Mitchell pleaded guilty and the prosecutor, in summation, argued that evidence of Mitchell's sales could be used as evidence of Potter's guilt. Curative instructions respecting this error were not issued by the trial court. Patently, a new trial is warranted (see *People v Minor,* 49 AD2d 828; *People v Wills,* 48 AD2d 935; *People v Banks,* 45 AD2d 1024). Note is also taken of defendant's contention that the trial court erred in failing to charge on the defense of "agency" which in the context of the trial record herein appears to have merit (see *People v Lindsey,* 16 AD2d 805, affd 12 NY2d 958; *People v Hingerton,* 26 NY2d 790). Concur—Stevens, P. J., Markewich, Kupferman, Lupiano and Nunez, JJ.