Michael J. Dontzin, J.
The defendant, Wilbert Moore, moves to dismiss the indictment charging him with six counts *16 of criminal possession and sale of a controlled substance (Penal Law, art 220), on the grounds that his rights to due process, confrontation and compulsory process have been violated, and in the interests of justice.
The indictment arises out of two sales of heroin allegedly made by defendant to an undercover police officer on April 10, and 14, 1975. In the course of pretrial discovery, the Assistant District Attorney stated that a police informant was present at both alleged sales and that the People would either call the informant as their own witness or reveal his identity to the defense prior to trial. Thereafter, on June 21, 1976, at a consolidated Townsend and Wade hearing, it was revealed in court that the informant had gone to Florida and was no longer available. This fact became known to the District Attorney’s office in September, 1975. A subsequent check with the Orlando, Florida Police Department by the District Attorney failed to locate the informant. Defendant’s attorney was informed of the identity of the informant on August 23,1976.
The position of the defense is that the defendant has been denied due process and a fair trial by the failure of the People to preserve defendant’s right to confront and compel the testimony of the confidential informant. Defendant further argues that the disappearance of the informant wholly preempts the possibility of his substantiating his defense.
The People, on the other hand, contend that the absence of the confidential informant does not provide grounds for dismissal without a clear showing by defendant that such absence precludes the possibility of a fair trial.
Cases in which the prosecution cannot produce a confidential informant are few in New York. The three which have dealt with this problem have their genesis in People v Goggins (34 NY2d 163, 170) which requires an adversary hearing when the court disposes of a motion for the disclosure of an informant. Discussing the circumstances requiring disclosure, the court stated: "in the usual case either the course and quality of the prosecutor’s proof may suggest the need for disclosure or the defendant, rather than showing weaknesses in the prosecutor’s case, might become entitled to disclosure by the development of his own defense.”
The court, however, cautions against carte blanche disclosure (p 169): "Bare assertions or conclusory allegations by a defendant that a witness is needed to establish his innocence will not suffice. Instead he must show a basis in fact to *17 establish that his demand does not have an improper motive and is not merely an angling in desperation for possible weaknesses in the prosecution’s investigation”.
Included in the decision was a dictum that circumstances might arise requiring production of an informant witness.. It would not be illogical to extend these guidelines to cases where the right of disclosure is frustrated by the failure or inability to produce.
The first New York case which directly dealt with the inability of the prosecution to produce a confidential informant was People v Law (48 AD2d 228, 234). There, in a case factually similar to the instant one, defense counsel moved at the conclusion of the People’s case for the production of the informant. Thereupon the People offered evidence concerning police efforts to locate the informant. As in the instant case, the informant in Law had left New York and become unavailable by choice and without the assistance of the prosecution.
The court suggested that while production would be appropriate where the informant is under the custody and control of the State, in a circumstance where the informant is unavailable at the trial, it must be shown that defendant cannot obtain a fair trial in the absence of the informant’s availability.
In affirming the conviction, the court stated (p 233): "No significant question of fact was presented by any weakness in the People’s case or by development by defendant of a plausible defense, notwithstanding the fact that the informant Pat Adams observed the buy * * * Defense counsel makes no attempt to establish how her testimony could help defendant’s cause. The theory of agency or entrapment is not raised”.
It should be noted that the lower court in Law conducted a hearing to determine what sources the People utilized in their futile effort to find the informant and stated that "the prosecution, in the event of nonproduction, must satisfy the court that it has made all reasonable efforts in a good-faith attempt to locate the informer.” (People v Law, 78 Misc 2(1 897, 901.)
In People v Ortiz (NYLJ, Dec 9, 1975, p 6, col 5), on similar facts, the court denied without prejudice a motion to dismiss or, in the alternative, for a hearing to determine the cause of an informant’s absence and whether he would have presented exculpatory evidence. While indicating that the motion was premature, the court cited Goggins (34 NY2d 163, supra) and suggested that the same initial burden a defendant must carry *18 in order to compel disclosure exists where the production of an informant is impossible.
In the instant case, a Wade hearing has already been held and the motion to preclude denied. The fact that the undercover police officer was with the defendant for approximately a total of one and one-half hours on the two dates of the alleged sales is certainly not a weakness in the People’s case, as the defendant contends. On this basis alone, the instant case is distinguishable from People v Jones (85 Misc 2d 220), upon which defendant so heavily relies. There, the observations of the defendant by the undercover were sketchy, having taken place in a dimly lit bar for a few moments and on another occasion for about 30 seconds. The dismissal of the indictment in Jones is also based upon the bad faith of the People in having stated that no informer was present at the sale. While the failure of the People to inform defendant of the informant’s absence does not meet with this court’s approval, such omission is not so potent as to require dismissal.
As in People v Law (48 AD2d 228, supra) the theory of agency or entrapment is not raised. The assertion that the informant might contradict the identification made by the undercover officer amounts to no more than a general denial of guilt.
The only question left unanswered is the good-faith efforts on the part of the People to locate the informant. In view of the People’s failure to inform defendant of the informant’s absence, this question attains paramount importance. Although this court is not convinced of the necessity of the informant’s testimony, the People have yet to demonstrate that all efforts have been made to locate the informant (People v Banks, 45 AD2d 1024; People v Law, 78 Misc 2d 897, supra).
The motion to dismiss the indictment is denied pending a hearing scheduled for January 17, 1977, or another time mutually convenient to the parties. Unless the People can demonstrate a good faith and thorough effort to locate the informant, the motion to dismiss will be granted.