Memorandum. The order of the Appellate Division should be modified to the extent of remitting the case to the County Court, Westchester County, for a posttrial hearing to determine whether there were improper pretrial identification procedures which tainted the victim’s in-court identification. Prior to People v. Ganci (27 N Y 2d 418), a defendant apparently would have been entitled to a pretrial hearing where a proposed in-court identification was alleged to have been based on an impermissibly suggestive prior identification (cf. People v. Burwell, 26 N Y 2d 331, 336; People v. Damon, 24 N Y 2d 256, 261; People v. Rivera, 22 N Y 2d 453, 455; People v. Ballott, 20 N Y 2d 600, 606). In the Ganci case (27 N Y 2d 418, supra) involving the alleged denial of a speedy trial,,it was stated: “ It, therefore, seems desirable to announce the rule that a Trial Judge before whom is sought an independent judicial hearing on the ability of a witness to identify the accused may direct that such proof be taken at the main trial if he affirmatively finds that doing so will not be prejudicial. ” (27 N Y 2d, at p. 427.) In the instant case, the trial court made no finding that it would not prejudice defendant to take proof on the main trial attacking the identification. Indeed, prejudice arising out of presenting proof on the main trial in this case was almost inevitable. Defendant knew nothing about the conceded photographic prior identification of him by the victim. Cross-examination on this point would risk bolstering the identification with evidence of the photographic identification which was otherwise inadmissible (see, e.g., People v. Caserta, 19 N Y 2d 18, 21). Moreover, although not applicable, because not effective at the time- of trial, the Criminal Procedure Law requires pretrial notice to the defendant of “ testimony identifying a defendant as a person who committed the offense charged, to be given by a witness who has previously identified him as such ” (CPL 710.30, subd. 1, par. [b]), and an opportunity for the defendant to move for a pretrial suppression hearing (CPL 710.40). It would appear that appropriate, though possibly informal, notice by the People and motion by the defendant were made. Since identification of the accused goes to the determination pf guilt or inno *787 cence, it would.be unfair not to extend to this defendant the right to a hearing where there is the unexplored possibility that the in-court identification was based on suggestive procedures.
Chief Judge Ftjld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order modified and the case remitted to the County Court, Westchester County, for a hearing in accordance with the memorandum herein, and, as so modified, affirmed.