## FOURTH DEPARTMENT, APRIL, 1976

### (April 2, 1976)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAYSON WEATHERSPOON, Appellant.—Judgment unanimously reversed, on the law, and new trial granted. Memorandum: In this appeal from a judgment of conviction entered upon a jury verdict, defendant was convicted of two counts on an indictment charging criminal sale of a dangerous drug in the third degree and criminal possession of a dangerous drug in the fourth degree. The only contention here is that he was denied a fair trial when the court, over timely objection, permitted the undercover police officer to

bolster his previous identification of the appellant by the use of photographs. The only witness for the prosecution was a State trooper operating as an undercover agent who testified that he saw the appellant for a period of a minute and a half on January 19, 1973 when the trooper and an informant entered a poolroom. The informant had a short conversation with the defendant, after which the informant gave the defendant $40 in exchange for four packs of heroin. The informant did not testify at the trial. The appellant testified on his own behalf and stated that he had never sold heroin and that he had never met trooper Rucynski. He admitted knowing the informant, Scott Paris, with whom allegedly he had had an argument relative to a woman sometime during December, 1972. On cross-examination the defendant was asked whether he was claiming that the trooper was lying or merely mistaken as to who sold him heroin, to which he replied that the trooper was mistaken. In rebuttal the prosecution called the same State trooper who was allowed to testify, over objection, that after his transaction with the defendant on January 19, 1973, as related in his direct testimony, he returned to the barracks and looked through several mug shots, identifying two of them as those of the defendant. His identification was commented on by the prosecutor in the summation. Our courts prohibit bolstering of an eyewitness' in-court identification testimony, such as we have here, with evidence of prior photo identification (*People v Johnson,* 32 NY2d 814; *People v Griffin,* 29 NY2d 91; *People v O'Dea,* 44 AD2d 767; Sobel, Eye-Witness Identification, § 51). Nor can we, in view of the factual pattern, conclude that the admission of such evidence was harmless error under the tests stated in *People v Crimmins* (36 NY2d 230), especially where, as here, the sole identifying witness was the officer whose contact with the defendant was encompassed within the span of a minute and a half (see *People v Robbins,* 38 NY2d 913). (Appeal from judgment of Oneida County Court convicting defendant of criminally selling a dangerous drug, third degree, and another charge.) Present—Marsh, P. J., Moule, Mahoney, Dillon and Goldman, JJ.