THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FORREST L. SLATER, Appellant.

Fourth Department, July 2, 1976

*Peter L. Yellen (Edward Nowak* of counsel), for appellant.

*Lawrence T. Kurlander, District Attorney (Michael Nelson* of counsel), for respondent.

DILLON, J. Defendant appeals from a judgment convicting him of two sales of heroin which occurred on April 18, 1974 and May 20, 1974.

Following his receipt of a notice that the People intended to offer "testimony identifying * * * defendant as [the] person who committed the offense charged, to be given by a witness who has previously identified him as such" (CPL 710.30, subd 1, par [b]), defendant made a pretrial motion to suppress the specified evidence. In response the District Attorney repre-

sented that no such testimony would be introduced by the People. Based upon that representation, the court denied defendant's motion without a hearing.

During the course of subsequent pretrial motions, defendant requested all photographs viewed by the police prior to defendant's arrest. His attorney stated, "I would prefer to find out now if there was an identification photograph used, so I don't * * * have to worry about cross examination." The District Attorney replied that he was not aware of any photographic identifications other than that which would have occurred during the Grand Jury proceedings. The court directed the People to provide defendant with the photograph used before the Grand Jury.

Despite the representations of the District Attorney, the cross-examination of the undercover officer who had purchased the narcotics disclosed that he had viewed photographs relating to the defendant other than at the Grand Jury. Defendant immediately moved to dismiss the charges. Although that motion was denied, trial was interrupted and an identification hearing was held. Prior to the commencement of the hearing the court determined that the People had shown good cause to permit service of the notice during trial (CPL 710.30, subd 2) on the grounds that "a notice was served, although the People stated on the return thereof that there was no such testimony and [because] defendant was given a copy of the photographs". The photograph to which the court referred was that used in the Grand Jury.

Later during the trial it was revealed through cross-examination of another police officer that he also had viewed a photograph of the defendant. Again trial was interrupted and an identification hearing was held at which it was ascertained that he viewed a single photograph of the defendant some time prior to the May 20, 1974 sale.

The pretrial statements of the District Attorney that no such testimony would be offered resulted in a withdrawal of the initial CPL 710.30 notice. In apparent reliance upon that representation and justifiably anticipating a negative response, defense counsel introduced the subject of previous photographic identification during cross-examination of the undercover officer. It was this witness who had the greatest opportunity to view and identify the defendant. Furthermore, he was the only prosecution witness who testified that defendant sold narcotics. The testimony of the second police officer

who had viewed defendant's photograph, also dealt with defendant's identification.

Similar testimony relating to a previous extrajudicial identification of a photograph of a defendant, where introduced by the People, has been held to constitute reversible error (People v Griffin, 29 NY2d 91; People v Weatherspoon, 52 AD2d 709). In such circumstances, we may not conclude that defense counsel would have questioned the People's witness concerning photographic identifications had he not been misled.

Additionally, the record is devoid of any showing of good cause which would allow the People to serve a CPL 710.30 notice during trial. The District Attorney's contention that he was unaware of the photographic viewings fails to establish good cause, particularly since defendant had twice raised the subject prior to trial.

In People v Briggs (38 NY2d 319) the failure to provide defendant with a CPL 710.30 notice that his statements to the police would be used as evidence against him resulted in a reversal of his conviction where the District Attorney failed to establish good cause for his noncompliance with the statute.

The reasoning there applies with like force here. CPL article 710 was designed to provide for an orderly hearing, to prevent interruption of the trial and to afford defense counsel an opportunity to prepare a defense. The purpose of the notice requirement is to insure that defense counsel will be aware of a previous identification (see Denzer, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 710.30, pp 282-283).

The consequences of the absence of notice here were graphically demonstrated by defense counsel's cross-examination which tended to strengthen the identification testimony. The failure to furnish good cause takes on added significance in this case inasmuch as the paramount and critical issue presented was that of the defendant's identification.

Accordingly, in view of the error in allowing service of the CPL 710.30 notice during trial without good cause, and because of the incorrect information furnished defendant by the District Attorney concerning extrajudicial photographic identifications, a new trial is required (cf. People v Oliver, 34 NY2d 859). "To hold otherwise would be to condone and encourage noncompliance in the prosecutor's office and to undermine the salutary purposes of the statute" (People v Briggs, supra, p 324).

Defendant also contends that the trial court erred in failing to order the People to produce the informant. In view of our determination requiring a new trial, it is not necessary to resolve this question. We note that the informer was produced by the defendant after trial in connection with the motion to set aside the verdict. However, should he again be unsuccessfully sought on the new trial, the court should require the People to demonstrate, at a hearing outside the presence of the jury, the extent of their efforts to locate him *(People v Banks,* 45 AD2d 1024; see *People v Law,* 78 Misc 2d 897, 899, affd 48 AD2d 228).

We have considered the additional points raised by defendant and find them to be without merit.

The judgment of conviction should be reversed and a new trial granted.

MARSH, P. J., MOULE, CARDAMONE and MAHONEY, JJ., concur.

Judgment unanimously reversed, on the law and facts, and a new trial granted.