■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS CHILLIS, Appellant.—Judgment unanimously reversed, on the law, and new trial granted. Memorandum: Defendant was convicted of the criminal sale of a dangerous drug in the third degree (Penal Law, § 220.39), following a jury trial, and sentenced to an indeterminate term of imprisonment, with a minimum of three years and a maximum of life. The conviction stemmed from a sale of heroin to a police undercover agent and a paid police informer (the informer died prior to trial). The defendant's pretrial motion for an identification hearing pursuant to *United States v Wade* (388 US 218) was denied except as to "non-police identification testimony." As the only identification witnesses were two police officers, the court's determination effectively denied defendant a *Wade* hearing. At trial, a serious issue developed regarding the accuracy of the police officers' identification of defendant as the individual who sold the heroin. The record reveals that the undercover agent first described the individual from whom he bought the drugs as a "Puerto Rican male" in his police report, but then amended the report to describe the individual as a "black male about 6'1", 165 lbs.", taking the information from a mug shot at police headquarters. This

description was contradicted by defendant's trial testimony that he was 5 feet and 10 inches tall and weighed 138 pounds, and by the arrest report, made out when defendant was taken into custody, which bore a description of defendant as 5 feet and 11 inches tall, and 130 pounds in weight. Further, the undercover agent testified that he had never met the defendant before the sale, and that he had obtained the defendant's name from a photograph, and "from people in the street that we had inquired from." The other identification witness apparently only observed defendant at a distance and did not participate in the sale. Defendant's conviction should be reversed and a new trial ordered on the ground that the *Wade* hearing was improperly denied by the trial court as to police identification testimony. There is no rule, either statutory or contained in case law, exempting police identification testimony from the scrutiny of a *Wade* hearing (see *People v Slater,* 53 AD2d 41; *People v Weatherspoon,* 52 AD2d 709). It cannot be said, under the circumstances of this case, where there exists a serious question concerning the reliability and accuracy of the identification testimony, that the denial of the *Wade* hearing and the admission of the police officers' testimony at trial was harmless error *(People v Crimmins,* 36 NY2d 230). In fact, there is a reasonable likelihood that, at least, the identification testimony of the undercover agent may have been tainted by his extrajudicial viewing of and admitted reliance on the mug shot (see 3 Zett, NY Crim Prac, par 21.8, subds 1, 2; *Simmons v United States,* 390 US 377; *People v Harrington,* 31 NY2d 785; *People v Griffin,* 29 NY2d 91; *People v Slater, supra; People v Weatherspoon, supra).* Respondent's contention that the motion was properly denied because of a defect in form is unfounded in view of the fact that the court granted the motion with respect to "non-police" identification testimony. Defendant's argument that sections 220.16 and 220.39 of the Penal Law and their co-ordinate sentencing provisions under article 70 of the Penal Law are unconstitutional is without merit (see *People v Broadie,* 37 NY2d 100). In view of the determination on this appeal, we need not discuss defendant's other contentions. (Appeal from judgment of Erie Supreme Court—criminal sale of dangerous drug, third degree.) Present— Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.