■ EUGENE LAKA, Appellant, v KATHLEEN LAKA, Respondent.—Order, Supreme Court, New York County, entered on July 14, 1978, unanimously affirmed for the reasons stated by Blyn, J., at Special Term, without costs and without disbursements. Concur—Murphy, P. J., Lupiano, Fein, Sandler and Sullivan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BUIE, Appellant.—This is an appeal from a judgment of the Supreme Court, New York County, rendered January 24, 1977, convicting the defendant after a jury trial of seven counts of first degree robbery and sentencing him to concurrent terms of 4 to 12 years' imprisonment to run concurrently with time owed on a prior conviction. The matter is remanded for a new and more complete *Wade* hearing and a final determination of this appeal is held in abeyance pending the results of that hearing. The principal issue presented on the appeal involves the admissibility of identification testimony, both station house and in court, by two witnesses who were victims of the robbery charged. The facts developed on the *Wade* hearing were insufficiently complete to permit this court to make a judgment on the question in terms of the criteria restated by the Supreme Court and extended to precourt identifications in *Manson v Brathwaite* (432 US 98), which was decided after the trial. Specifically, one of the witnesses was not called at the *Wade* hearing and the other, although called, was not permitted to be questioned with regard to his opportunity to observe at the time of the robbery. Some of these factual deficiencies were rectified by the trial testimony of these two witnesses, which was followed by a renewal of the motion addressed to the admissibility of the identification by one of the witnesses and a ruling by the Trial Judge reaffirming the conclusion reached by the hearing Judge. Nonetheless, we believe the information developed even at that point was inadequate. Moreover, the Trial Judge obviously did not have the opportunity to evaluate the facts known to him in terms of the principles set forth in the subsequently decided *Manson* decision. What is therefore required is a new *Wade* hearing in which there should be developed all facts relevant to a determination of the question pursuant to the criteria set forth in *Manson* and new findings by the trial court. We do not, of course, mean to intimate that a hearing of the kind here directed would be required in a case not presenting the unique circumstances here disclosed. Concur—Murphy, P. J., Silverman, Fein, Markewich and Sandler, JJ.