■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT A. HAND, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 1, 1977, convicting him of attempted murder and attempted robbery in the first degree (three counts), upon a jury verdict, and imposing sentence. Case remitted to Criminal Term for a *Wade* hearing in relation to the pretrial viewing of photographs shown by the police to the witness Anna Tomasso, and appeal held in abeyance in the interim. Criminal Term is to file its report with all convenient speed. During the course of the trial, Anna Tomasso testified that the defendant was the man she saw leave the alleyway and walk quickly down the street after she heard a sound like firecrackers and saw the complainant, her face covered with blood, emerge from the alleyway about a minute or two later, screaming "That man shot me!" On cross-examination this witness testified that, prior to the trial, two detectives had come to her home and showed her pictures and asked if she could pick out the person whom she saw. She testified that after viewing the pictures, "I picked out a picture of a man who looked just like him." At the prior *Wade* hearing involving the complainant's identification, Detective Mattioli stated that he believed that Officer Ustiszewski had shown some photographs to a woman other than the complainant. Concededly, no notice pursuant to CPL 710.30 was served by the District Attorney prior to the trial to afford the defendant an opportunity to suppress the in-court identification testimony of this witness based upon any suggestive pretrial identification procedure employed by the police. The representation to the trial court by the Assistant District Attorney that none of the police officers involved in the investigation could remember showing photographs to Mrs. Tomasso, could not obviate the necessity for the trial court to have immediately directed a *Wade* hearing to determine whether the witness' in-court identification testimony was based upon a suggestive pretrial identification resulting from a viewing of the photographs. Under the particular circumstances of this case, the issue of identification presented an important aspect of the trial and, if Mrs. Tomasso had, in fact, identified the defendant's picture, her testimony at the trial would be premature until it was first determined by the court whether her pretrial identification was suggestive, and, if so, whether there was an independent basis for her in-court identification. Until such questions are determined, this court cannot resolve this appeal (see *People v Buie,* 66 AD2d 689; *People v Andriani,* 67 AD2d 20). Gibbons, J. P., Cohalan, Margett and Martuscello, JJ., concur.