■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HAND, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Bellard, J.), rendered July 1, 1977, convicting him of attempted murder and of attempted robbery in the first degree (three counts), upon a jury verdict, and imposing sentence. By order dated March 24, 1980, this court remitted the case to Criminal Term for a *Wade* hearing in relation to the pretrial viewing of photographs shown by the police to a witness, one Anna Tomasso, and the appeal has been held in abeyance in the interim (*People v Hand*, 74 AD2d 909). Criminal Term (Shaw, J.), has complied and rendered its report. Judgment affirmed. In our view, at the *Wade* hearing the People adduced clear and convincing evidence that there was an independent source for the in-court identification of the defendant by the witness Tomasso, and Criminal Term was correct in so holding. We are, however, of the view that error was committed when the People's witness Anna Tomasso, who was an eyewitness to the crime, testified on cross-examination that she was shown pictures by the police and that she "picked out who I thought was the fellow who I seen [*sic*] that night." The Court of Appeals has held that testimony relating to a previous extrajudicial identification of a photograph of the defendant is reversible error, where it is introduced by the People on their direct case (*People v Cioffi*, 1 NY2d 70; *People v Caserta*, 19 NY2d 18; *People v Harrington*, 31 NY2d 785). This holding was extended, under a particular set of circumstances, to testimony relating to a previous extrajudicial identification of a photograph of the defendant which was adduced on cross-examination of the People's witness (see *People v Slater*, 53 AD2d 41). In *Slater*, the People initially sent a notice to defense counsel, pursuant to CPL 710.30 (subd 1, par [b]), advising that they intended to offer " 'testimony identifying * * * defendant as [the] person who committed the offense charged, to be given by a witness who has previously identified him as such' ". Defendant moved to suppress the specified evidence. In response, the prosecutor represented that no such testimony would be introduced by the People. Based on that representation, the court denied defendant's motion without a hearing. During the course of subsequent pretrial motions, the District Attorney stated to defense counsel that he was unaware of any photographic identification other than that which occurred during the Grand Jury proceedings. Despite the representations of the District Attorney, the cross-examination of the undercover officer who purchased the narcotics from defendant disclosed that he had viewed photographs relating to the defendant other than those used at the Grand Jury. Defense counsel moved immediately to dismiss the charges. The court denied that motion, and instead interrupted the trial and held an identification hearing on the ground that the People had shown good cause to permit service of the notice during trial (see CPL 710.30, subd 2). In reversing

the ensuing judgment of conviction, the appellate court stated (*People v Slater, supra,* pp 42-43): "The pretrial statements of the District Attorney that no such testimony would be offered resulted in a withdrawal of the initial CPL 710.30 notice. In apparent reliance upon that representation and justifiably anticipating a negative response, defense counsel introduced the subject of previous photographic identification during cross-examination * * * In such circumstances, we may not conclude that defense counsel would have questioned the People's witness concerning photographic identifications had he not been misled. Additionally, the record is devoid of any showing of good cause which would allow the People to serve a CPL 710.30 notice during trial. The District Attorney's contention that he was unaware of the photographic viewings fails to establish good cause, particularly since defendant had twice raised the subject prior to trial * * * CPL article 710 was designed to provide for an orderly hearing, to prevent interruption of the trial and to afford defense counsel an opportunity to prepare a defense. The purpose of the notice requirement is to insure that defense counsel will be aware of a previous identification * * * The consequences of the absence of notice here were graphically demonstrated by defense counsel's cross-examination which tended to strengthen the identification testimony. The failure to furnish good cause takes on added significance in this case inasmuch as the paramount and critical issue presented was that of defendant's identification. Accordingly, in view of the error in allowing service of the CPL 710.30 notice during trial without good cause, and because of the incorrect information furnished defendant by the District Attorney concerning extrajudicial photographic identifications, a new trial is required * * * 'To hold otherwise would be to condone and encourage noncompliance in the prosecutor's office and to undermine the salutary purposes of this statute' ". A review of the instant record reveals that the conduct of the District Attorney herein was not nearly as egregious as that committed in *Slater* (*supra*) and our initial remand for a *Wade* hearing (see *People v Hand,* 74 AD2d 909, *supra*) reflects this conclusion. Moreover, any error in this regard must be considered, in contrast to that committed in *Slater,* as harmless in view of: (1) trial counsel's strategic decision made even earlier in the trial to knowingly elicit testimony, on cross-examination, from a detective and the victim herself regarding prior identification of the defendant by the victim which could not have been elicited by the prosecutor on direct; and (2) the overwhelming evidence of defendant's guilt. Accordingly, the judgment of conviction is affirmed. Lazer, J. P., Gibbons, Cohalan and Margett, JJ., concur.