rendered April 21, 1983, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf. People v Gonzalez, 47 NY2d 606). Lazer, J. P., Bracken, Brown, Lawrence and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORAN EVANS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fuchs, J.), rendered October 21, 1983, as amended January 24, 1985, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Judgment, as amended, affirmed.

The defendant's contention that the identification testimony of the two complainants should have been suppressed due to improper police conduct and lack of a sufficient independent basis for the identifications is without merit. The identifications, made at the time of the defendant's apprehension, were spontaneous (see, People v Dukes, 97 AD2d 445), and there is no evidence that the identifications that were made a short time later at the station house came about as a result of a staged showup or other improper police conduct. Moreover, with respect to the complainant Dudley, the station house encounter with the defendant merely confirmed his earlier identification which had resulted in the defendant's arrest (see, People v Higgs, 111 AD2d 410; People v Laguer, 58 AD2d 610). The circumstances of the complainants' observation of the defendant were, in short, unlikely to lead to a misidentification, and the independent evidence linking the defendant to the crime further negates the risk that he was mistakenly identified as the perpetrator of the crime (cf. People v Logan, 25 NY2d 184, 193, cert denied 396 US 1020).

The court's Sandoval ruling was not an abuse of discretion. The prosecutor inquired into only two of the defendant's three prior convictions, eliciting only that the crimes were felonies involving the theft of property (see, People v Sandoval, 34 NY2d 371; People v Pavao, 59 NY2d 282, 292; People v Torres, 110 AD2d 794).

Contrary to the defendant's contention that the verdict of

guilt was against the weight of the evidence, we find the evidence of his guilt to be overwhelming. The defendant was apprehended by the police and identified by both victims within a few minutes of the crime, and the stolen property was found in his possession. A loaded firearm, which was identified by both complainants as the one used in the robbery, was also subsequently retrieved by the police from the area where the defendant had thrown it. The defendant's claims of prosecutorial misconduct have not been preserved for appellate review, as proper objections were not interposed (see, CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818; *People v Thomas,* 50 NY2d 467, 473-474).

In view of his demonstrated tendency toward committing violent felonies, we reject the defendant's contention that the near maximum sentence meted out by the court on the amendment to the judgment on January 24, 1985, was unduly harsh or excessive (see, *People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions, including those raised by him *pro se* on his appeal from the resentence, and find them to be without merit. Weinstein, J. P., Rubin, Eiber and Spatt, JJ., concur.