OPINION OF THE COURT
Herbert Kramer, J.
Is trial testimony of acts committed and statements made *91 by a now-deceased complainant admissible as an excited utterance or spontaneous declaration to prove the identity of defendants?
FINDINGS OF FACT
Complainant, Mr. Senior, who died before trial from an unrelated cause, was seated with a woman in the front seat of his parked car. Defendants entered the vehicle, one defendant held a gun to his head and effectively prevented his companion from seeing their faces. They demanded his jewelry, which was unique, and fled the scene on foot.
Police officers were flagged down by Mr. Senior who excitedly told them that he had just been robbed at gunpoint. He then abruptly got back into his car and left the officers in a search for the defendants. The officers followed, temporarily lost sight of the complainant, but regained visual contact a few minutes later. A short distance away they found Mr. Senior in an altercation with both defendants. Defendant Rowley ran past the police vehicle; defendant Nalty was no longer in sight.
An officer exited his car and observed Mr. Senior running after defendant Rowley, while saying, "That’s one of the guys”. The officer ran after defendant Rowley and arrested him after he had been tackled by the complainant. A search of the defendant uncovered some of the complainant’s jewelry which was identified at trial by his companion.
Moments later, an officer along with Mr. Senior pursued defendant Nalty, who ran and hid underneath a parked car in a dark alleyway. As the officer and Mr. Senior approached the alleyway, the complainant told the officer that defendant Nalty had held the gun during the robbery. The officer then entered the alleyway, arrested Nalty, and recovered additional jewelry near the car under which Nalty had been hiding.
The entire event transpired over a period of 10 to 20 minutes.
It is the officers’ testimony as to the complainant’s following the defendants and the accompanying verbal identifications of the defendants, which was objected to at trial, that is the subject of this decision.
DISCUSSION
Exceptions to the hearsay rule require a high degree of *92 trustworthiness, which acts as the balance to a more limite 1 opportunity to cross-examine. (People v Brown, 70 NY2d 513 [1987]; People v Caviness, 38 NY2d 227, 231; see also, Richardson, Evidence § 201 [Prince 10th ed].)
Where the hearsay exception is an excited utterance, " 'the court must ascertain whether, at the time the utterance was made, the declarant was under the stress of excitement caused by an external event sufficient to still his reflective faculties, thereby preventing opportunity for deliberation which might lead the declarant to be untruthful.’ ” (People v Brown, supra, at 519, quoting People v Edwards, 47 NY2d 493, 497 [1979]; People v Marks, 6 NY2d 67 [1959]; see also, Richardson, Evidence § 281 [Prince 10th ed]; 6 Wigmore, Evidence §§ 1745-1750 [Chadbourn rev 1976]; Fisch, Evidence § 1000; United States v Napier, 518 F2d 316 [9th Cir 1975].)
In the case at bar, 10 to 20 minutes elapsed between the robbery and the complainant’s acts and statements identifying the defendants, which could have given the complainant an opportunity to deliberate. Devoid of spontaneity, the critical factor then is whether Mr. Senior’s actions and words, between the time of the robbery and the time he identified the defendants, were made impulsively without reason to fabricate and under the stress of excitement (People v Brown, supra; People v Edwards, supra; People v Marks, supra).
Where time has elapsed between the event and the statement, the events must be examined in the context of the actual length of time (People v Vigilante, 122 AD2d 900 [1986] [15 to 20 minutes after shooting, declarant unconscious for 13 minutes]; People v Nieves, 108 AD2d 165 [1985] [20 to 25 minutes after stabbing]; People v McCullough, 73 AD2d 310, 315 [1980] [10 minutes after shooting]; United States v Golden, 671 F2d 369 [1982] [15 to 20 minutes]).*
As testified by the officers and Mr. Senior’s companion, the *93 complainant focused his attention in an intensive search to apprehend the defendants and recover his jewelry.
Although the sequence of the robbery and the chase can be viewed as two separate and distinct events, in reality they constituted a continuum. These events had the cumulative effect of insuring a high degree of trustworthiness in his acts and statements, and mitigated any likely possibility of false identification.
The court thus finds the complainant’s acts and statements admissible, through the police officers’ testimony, because their internal reliability in context of the surrounding event serves as an effective substitute for cross-examination.
Furthermore, it would defy logic and would have been wholly irrational for the complainant, whose primary goal was the apprehension of the defendants for the recovery of his jewelry, to falsely accuse someone of having stolen his property. Clearly, the complainant’s purpose would have been impeded by a false accusation. Moreover, the question of an opportunity or motive for mistaken identity is belied because the unique jewelry involved was in fact recovered from the defendants, which is an independent indicia of reliability, and was later identified by Mr. Senior’s companion, who was subject to cross-examination.
Further authority for admitting the police officers’ testimony as to Mr. Senior’s acts and statements identifying the defendants is found in CPL 60.25 (1) (b), which permits third parties to testify as to a previous out-of-court identification by a witness who is unable to testify in court, and to whom the witness promptly declared his recognition on such occasion (People v Parris, 109 AD2d 853 [1985]; People v Dure, 102 AD2d 873 [1984]; People v Ponton, 90 AD2d 799 [1982]; People v Lagana, 36 NY2d 71 [1975]; People v Sapp, 130 Misc 2d 90 [1985]).
This court thus holds that where death is the cause of the unavailability of the identifying witness, CPL 60.25 allows for identification testimony by another person to whom the witness had promptly declared his recognition.
Finally, the complainant’s act of running after the defendants constitutes a nonverbal statement intended as an assertion identifying the defendants. (Richardson, Evidence § 202 [Prince 10th ed]; see also, Proposed Fed Rules Evid, rule 801 [a]; Model Code of Evidence, rule 501.) Thus, the act of running served " 'as a substitute for words’ ”. (Richardson, *94 Evidence § 202 [Prince 10th ed], quoting Uniform Rules of Evidence, rule 62 [1].) Therefore, testimony regarding the complainant’s act of running after the defendants is a present sense impression and is admissible as an exception to the hearsay rule for the above-stated reason. Furthermore, this testimony is extremely reliable considering the fact that the complainant’s jewelry was found on the person of defendant Rowley and in the area where defendant Nalty had been hiding.
This court thus holds that an identification made while in hot pursuit of robbers with reasonable anticipation of the recovery of proceeds and which did result therein is admissible as a spontaneous declaration.

 The test, as stated in People v Marks (6 NY2d 67, 72), is whether the utterance was made "before there has been time to contrive and misrepresent”. The rationale for this rule is that as an impulsive response to a startling event, they possess a high degree of trustworthiness.
In People v Brown (70 NY2d 513) the court, in affirming the admission of a statement as an excited utterance, held that trial courts are to "assess not only the nature of the startling event and the amount of time which has elapsed between the occurrence and the statement, but also the activities of the declarant [during] the interim to ascertain [whether] there was [a] significant opportunity to deviate from the truth.” (People v Edwards, 47 NY2d 493, 497.)