■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN NALTY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered June 9, 1988, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The facts of this case are set forth in this court's decision and order on the appeal of the codefendant *(People v Rowley* 160 AD2d 963 [decided herewith]).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as one of the robbers beyond a reasonable doubt. Senior's hearsay statement, identifying the defendant Nalty as "the guy with the gun", was properly admitted into evidence as an excited utterance *(see, People v Brown,* 70 NY2d 513; *People v Edwards,* 47 NY2d 493; *People v Grant,* 113 AD2d 311). This statement, made in response to the police officer's actions in observing the defendant and chasing him into the alleyway, was contemporaneous with the incident giving rise to it. In addition, Senior was in a highly agitated state when the statement was made. The record further establishes that Senior had ample opportunity to observe the defendant during the robbery and the ensuing chase. Moreover, Senior's gold chain was found under an automobile where the defendant had been hiding moments earlier, also linking the defendant to the crime *(see generally, People v Evans,* 120 AD2d 608).

The defendant's claim of error with respect to the court's determination not to give an expanded charge on the issue of identification is without merit. The court properly indicated to the jurors that the accuracy of Senior's identification of the defendant, as well as the question of his credibility, were to be considered by them in determining whether the defendant was in fact one of the robbers *(People v Daniels,* 88 AD2d 392). Because the identification testimony was neither conflicting nor confusing, the identification charge as given adequately informed the jury on the issue *(People v Memminger,* 126 AD2d 752; *cf., People v Daniels, supra).*

Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Brown, J. P., Rubin, Sullivan and Harwood, JJ., concur. *[See,* 141 Misc 2d 90.]