■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TILLY ROWLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered June 9, 1988, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The complaining witness, Ivel Cottle, and her companion Lloyd Senior, who died prior to trial from unrelated causes, were robbed at gunpoint as they sat in their parked automobile. Two men entered the rear of the vehicle and one of them placed a gun to the back of Senior's head. Cottle, who was in the front passenger seat, turned her head slightly and saw the gun before she was ordered not to look towards the rear seat. The men took the gold rings and neck chain worn by Senior. Before fleeing, the individual with the gun reached over and pulled the car keys from the ignition. Senior chased the robbers a short distance. Unable to catch them, he flagged down a passing police patrol car as he returned to his vehicle. He quickly informed the officers that he had been robbed before entering his car and resuming his search for the robbers. The officers testified that Senior was "very excited" and almost incoherent. The two police officers followed in their patrol car and came upon Senior's parked vehicle a short distance away. The defendant Tilly Rowley ran past the patrol car with Senior in pursuit. Senior yelled to the officers that the defendant Rowley was one of the robbers, whereupon one of the police officers ran after and subdued Rowley. In the meantime, the other police officer noticed the codefendant Stephen Nalty across the street observing the situation. Nalty fled when the police officer approached him, and ran down an alleyway. Senior called out to the officer: "watch it, he's the guy with the gun". Nalty was found hiding beneath a car in the alleyway. Senior's gold chain was recovered from beneath the car where Nalty had been hiding, and his gold rings were

found on the person of Rowley. Shortly after Nalty's arrest, while backtracking from the scene of the arrest to the crime scene, a police officer and Senior located a loaded revolver on the ground. Cottle subsequently identified the gun as the same one she observed at the back of Senior's head.

Contrary to the defendant's contention, Senior's hearsay statement identifying the defendant as one of the robbers was properly admitted into evidence under the "excited utterance" exception to the hearsay rule. There was no indication that Senior had an opportunity for studied reflection that might have led him to falsely identify the defendant Rowley *(People v Brown,* 70 NY2d 513; *People v Dering,* 140 AD2d 538).

The court's supplemental instruction with respect to Penal Law § 160.15, constituted a meaningful response to a question from the jury during deliberations, and did not constitute an improper exercise of discretion (CPL 310.30; *People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847). In any event, there is no significant probability that the supplemental instruction influenced the verdict and therefore, any error was harmless *(see generally, People v Crimmins,* 36 NY2d 230).

The trial court's statement that certain unspecified crimes charged in the indictment would not be submitted to the jury, did not deprive the defendant of a fair trial in light of the overwhelming evidence of his guilt *(see generally, People v Crimmins, supra).*

In addition, the defense counsel failed to object either when the court indicated it would give a charge regarding the defendant's failure to testify or at any other time prior to sentencing, and therefore, the defendant's claim of error with respect thereto is not preserved for appellate review *(see generally, People v Fehr,* 75 NY2d 836). In any event, there is no reasonable possibility that the claimed error contributed to the defendant's conviction, and any error was therefore harmless beyond a reasonable doubt *(see, People v Vereen,* 45 NY2d 856; *People v Carlton,* 146 AD2d 641).

Finally the court's decision to admit the gun into evidence was not erroneous since the testimony adduced at trial provided a sufficient connection between the defendant and the gun. Any question concerning the probative value of this evidence was properly for the jury *(People v Mirenda,* 23 NY2d 439; *People v Vargas,* 125 AD2d 429). Brown, J. P., Rubin, Sullivan and Harwood, JJ., concur. *[See,* 141 Misc 2d 90.]