OPINION OF THE COURT
Edward J. McLaughlin, J.
Is a defendant entitled to a Wade hearing to ascertain the constitutionality of a dying identification procured through a police-arranged hospital showup? If so, are the People re *369 quired to give notice under CPL 710.30 (1) (b) that they intend to offer at trial third-party testimony of a dying identification?
Because this court answers both these questions of first impression in the affirmative, a written opinion is filed to explain a ruling that the court made during a recently concluded trial.[1]
FINDINGS OF FACT
On October 26, 1990, Mr. Felice Martinez was shot twice during a robbery attempt. On that same day, the police arrested the defendant and brought him to Columbia-Presbyterian Hospital, where Mr. Martinez, in the presence of the police, identified the defendant as his assailant. Mr. Martinez died the next day as a result of the gunshot wounds.
In the middle of the defendant’s trial for the murder of Mr. Martinez, the People announced their intention at a bench conference to call a detective who was present at the hospital showup to testify that the victim identified the defendant. No notice under CPL 710.30 (1) (b) of that prospective testimony was given to the defense. In fact, until the prosecutor began to lay a foundation for the admission of the identification testimony, the court and the defense believed that the People’s case was based primarily on a "peephole” identification of the defendant made at the scene of the crime by another witness. The People never mentioned to the court or to the defense during the 18 months before the trial began, during voir dire, or during their opening statement that they planned to introduce any dying-identification testimony.
THE PARTIES’ CONTENTIONS
In support of their application to admit the dying identification, the People argued during the trial that the testimony was admissible as a dying declaration, which does not require a pretrial hearing. They further argued that, because the testifying witness, a police detective who was present at the dying identification, did not himself make a prior identification of the defendant, no notice was required to be given to *370 the defense under CPL 710.30 (1) (b).[2] 3****In addition, the People asserted that information regarding the dying identification was contained in the Rosario material (see, People v Rosario, 9 NY2d 286 [1961]), which the People turned over timely, thus alerting the defense to the possibility that the dying identification would be used at trial.
The defense, on the other hand, maintained that the victim’s identification of the defendant was not a dying declaration but rather the product of a police-arranged identification procedure. According to the defense, the admissibility of the identification evidence was subject to a pretrial Wade hearing (see, United States v Wade, 388 US 218 [1967]). The defense further contended that because the defendant was entitled to a Wade hearing to determine whether the identification procedure was unduly suggestive and whether the identification was unreliable, the People were required by CPL 710.30 to notify the defense of their intention to use the identification evidence at trial.
The court did not rule on whether the victim’s identification met the criteria for admission as a dying declaration.[3] Rather, the court assumed for the purpose of its ruling that the victim’s identifying statements met the requisite criteria.
*371 CONCLUSIONS OF LAW
A dying identification procured through a police-arranged hospital showup raises Federal and State constitutional concerns (see, Stovall v Denno, 388 US 293 [1967]). These concerns must be addressed at a Wade hearing, regardless whether the victim or a third party provides the identification testimony at trial. Because a Wade hearing is required before a court may admit a dying identification that is the product of a police-arranged hospital showup, the court holds, moreover, that the People are required to notify the defense under CPL 710.30 (1) (b) if they intend to offer the identification evidence through the testimony of a third party
(1) Wade Hearing Requirement for Dying-Identification
Evidence
A pretrial hearing[4] is not required to determine the admissibility of a dying declaration (People v Nieves, 67 NY2d 125, 136 [1986]; People v Liccione, 63 AD2d 305, 316, affd 50 NY2d 850, supra). This rule has been applied, however, only when a victim’s dying declaration identified an assailant known to the victim and, thus, when no police-arranged identification procedure was conducted (see, e.g., People v Nieves, 67 NY2d, supra, at 129; People v Liccione, 63 AD2d, supra, at 310). An identification of a defendant known to the identifying witness[5] is not an identification within the meaning of CPL 710.30 and therefore does not have Sixth Amendment or due process implications (see, People v Collins, 60 NY2d 214, 219 [1983]; People v Tas, 51 NY2d 915, 916 [1980]; People v Gissendanner, 48 NY2d 543, 552 [1979]).
No pretrial Wade hearing is necessary when evidence of an identification of an assailant unknown to the identifying witness is offered under the excited utterance exception to hearsay rule through the testimony of a third party (see, *372 People v Nalty, 141 Misc 2d 90, 91, affd 160 AD2d 958, supra). The excited utterance rule is nevertheless applicable only when no police-arranged identification procedure preceded the identification (see, People v Nalty, 141 Misc 2d, supra, at 91 [in which the victim was pursuing the defendant when the identification was made to the police]).
When no police-arranged procedure is used to procure an identification, the possibility of unduly suggestive activity by the police is not a concern. Therefore, no pretrial Wade hearing is required to ascertain the reliability of an identification that is not the product of police-arranged procedures (see, People v Rodriguez, 79 NY2d 445, 450, supra; People v Gissendanner, 48 NY2d, supra, at 552).
In the present case, the identifying witness did not know the defendant. Moreover, the defendant was brought to the hospital by detectives to obtain an identification from the victim. Although a hospital showup for an injured victim is permissible and not inherently suggestive (see, Stovall v Denno, 388 US, supra, at 302; People v Rivera, 22 NY2d 453, 455 [1968]), a court must look at the "totality of the circumstances” to insure that the identification is reliable (see, Stovall v Denno, 388 US, supra, at 302; People v Rivera, 22 NY2d, supra, at 455). This determination, which is made at a Wade hearing, requires a court to examine a broader range of factors than would be necessary when that court must simply decide whether a statement meets the criteria for admission as a dying declaration.
A finding that a statement is admissible as a dying declaration satisfies the Confrontation Clause, or reliability, concerns that arise whenever a third party rather than a declarant testifies. Nevertheless, the due process concerns that emerge when police-arranged identifications are involved cannot be satisfied unless a Wade hearing is held.
Thus, a Wade hearing is required before evidence of a hospital showup identification may be admitted at trial. Nothing justifies dispensing with conducting that hearing when a third party, rather than the identifying witness, plans to testify at trial. The same constitutional safeguards exist regardless of who ultimately testifies and regardless whether the person who initially identified the defendant is alive or deceased when the trial is finally underway.
This court therefore holds that the defendant was entitled to move for a pretrial Wade hearing to determine the reliabil *373 ity of the dying identification obtained through a police-or-ranged hospital showup.
(2) CPL 710.30 Notice Requirement for Third-Party Testimony
To advance the spirit that underlies CPL 710.30, this court finds that notice is required before a third party testifies regarding a dying identification procured through a police-arranged hospital showup.[6]
A literal interpretation of CPL 710.30 (1) (b) would appear to mandate notice only when "testimony regarding an observation of the defendant * * * [is] to be given by a witness who previously identified him.” Under this plain-meaning interpretation, no notice would be required when a third party who did not previously identify the defendant testifies about an identification made by a victim.
The Court of Appeals has stated, however, that emphasis on the literal language of CPL 710.30 should be avoided when that emphasis "would produce results plainly at odds with the policy of the legislation as a whole” (People v White, 73 NY2d 468, 474, n 1 [1989]; see also, People v Tas, 51 NY2d 915, supra).
The purpose of the notice requirement is to protect a defendant by providing a pretrial ruling at a Wade hearing on the admissibility of identification evidence (People v Laing, 79 NY2d 166, 170 [1992]; People v O’Doherty, 70 NY2d 479, 488 [1987]). The notice requirement eliminates surprise, gives the defendant an opportunity to question witnesses while their memories are fresh, and allows both the defense and the prosecution an opportunity to formulate trial strategy (see, People v Burts, 78 NY2d 20, 24 [1991]). Notice also provides *374 orderliness and speed to pretrial motion practice (People v Laing, 79 NY2d, supra, at 170; People v O’Doherty, 70 NY2d, supra, at 488).
The recent trend in the opinions of the Court of Appeals has been to expand the reach of CPL 710.30 (1) (b). For example, that Court has narrowed the previous exemption to the notice requirement for confirmatory identifications (see, People v Rodriguez, 79 NY2d 445, 450, supra; People v Williamson, 79 NY2d 799, 801 [1991]). Confirmatory identifications are defined by the Court of Appeals as those in which the victim and the defendant are family members, friends, acquaintances, or persons who have lived together (see, People v Rodriguez, 79 NY2d, supra, at 450). This narrowing of the exemption to the notice requirement of CPL 710.30 (1) (b) for confirmatory identifications has implications for dying-declaration evidence. If police-arranged identification procedures are used to obtain a dying declaration identifying a defendant alleged to be known by the victim, notice would still be required unless the relationship between the victim and the defendant falls into one of the categories enumerated by the Court of Appeals.[7]
In Mendez, a literal interpretation of CPL 710.30 (1) (b) would have undermined the policy that underlies the statute. Because the dying-identification evidence offered by the People was the product of a police-arranged hospital showup, it was subject to a Wade determination. By not giving CPL 710.30 (1) (b) notice, the People deprived the defense of its opportunity to file a pretrial motion to suppress that identification. The defendant also lost his opportunity to question witnesses while their recollections were fresh and to develop a trial strategy based on the outcome of the pretrial hearing. These results defeated the legislative intent behind CPL 710.30 (1) (b) and contravened the recent Court of Appeals decisions that have expanded the reach of the notice requirement.
This court holds, therefore, that when a third party will *375 testify concerning a dying identification procured through a police-arranged hospital showup, timely notice under CPL 710.30 (1) (b) is required. No such notice was given to the defendant in this case. Accordingly, the prospective third-party testimony regarding the dying identification was precluded.

. The court excluded the dying-identification evidence orally during the defendant’s trial. The defendant ultimately was found guilty nevertheless by the jury of every count in the indictment, including murder in the second degree. Following the verdict, the court sentenced the defendant to 34 Vi years to life.

. CPL 710.30 (1) provides that "[wjhenever the people intend to offer at a trial * * * (b) testimony regarding an observation of the defendant * * * to be given by a witness who previously identified, him * * * they must serve upon the defendant a notice of such intention” (emphasis added).

. If the identification did not meet the criteria for admission as a dying declaration, the testimony could arguably have been admissible under CPL 60.25 (see, Mitchell v Hoke, 745 F Supp 874, 876 [ED NY 1990] [stating that CPL 60.25 applies when the identifying witness is unavailable]; People v Nalty, 141 Misc 2d 90, 93 [Sup Ct, Kings County 1988] [holding that when death is the cause of the unavailability of the identifying witness, CPL 60.25 applies], affd 160 AD2d 958 [2d Dept 1990] [in which the Appellate Division did not deal with CPL 60.25 but held that the identification was admissible as an excited utterance]; but see, People v Bayron, 66 NY2d 77, 82 [1985] [holding authoritatively, and contrary to Mitchell and to Nalty, that the prerequisite to invoking CPL 60.25 is the inability of the identifying witness to make an in-court identification " 'on the basis of present recollection’ ”]). If the evidence in the instant case did not meet the criteria for admission as a hearsay exception, however, and it were admitted under CPL 60.25, the court would have had to have determined that the People had demonstrated that the identification evidence had such "particularized guarantees of trustworthiness” that its admission would not have violated the Confrontation Clause (see, Ohio v Roberts, 448 US 56, 66 [1980]). Moreover, it would appear that a prerequisite to the admission of evidence under CPL 60.25 is that the People provide notice under CPL 710.30 (see, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 60.25, at 640), which the People never gave here.

. Before admitting the evidence, however, a court must find that a declarant was "in extremis * * * under a sense of impending death without any hope of recovery * * * and * * * would be * * * competent * * * to testify”, if living (People v Liccione, 63 AD2d 305, 316-317 [4th Dept 1978], affd. 50 NY2d 850 [1980]).

. The Court of Appeals has held that an identification of a known assailant for purposes of the exemption to the CPL 710.30 notice requirement is confined to family members, friends, acquaintances, or persons who have lived together for a time (see, People v Rodriguez, 79 NY2d 445, 450 [1992]).

. Even if this court found that the language of CPL 710.30 (1) (b) entitles the People not to provide notice within 15 days of arraignment when a third party will testify regarding a dying identification, notice is nevertheless required sometime before trial under the common-law rule. Before CPL 710.30 was enacted but after the United States Supreme Court decided Wade, the People were required to notify the defense before trial that they intended to introduce identification evidence at trial in order to conduct a pretrial Wade hearing (see, People v Bennett, 30 NY2d 283, 284 [1972]), unless it would not prejudice the defendant to hold the hearing during trial (see, People v Harrington, 31 NY2d 785, 786-787 [1972]). The People in Mendez did not comply with the common-law requirements. Therefore, the identification evidence was inadmissible under either CPL 710.30 (1) (b) or the preexisting common-law rule.

. The Court of Appeals has also ruled that a pr e-Wade hearing is required before a trial court may admit an identification in the absence of notice under CPL 710.30 (1) (b) to ascertain whether the identification was truly confirmatory (see, People v Rodriguez, 79 NY2d 445, 450, supra; People v Williamson, 79 NY2d 799, 801, supra). Thus, for example, if a hospital showup is used by the police to conduct an allegedly confirmatory identification, a pr e-Wade hearing will be required. This pre-Wade hearing will eliminate any surprise to the defendant if the identification evidence is admitted at trial, even if a court determines at that pr e-Wade hearing that notice under CPL 710.30 (1) (b) was not required.