■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN REED, Appellant. [635 NYS2d 289] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Goldstein, J.), rendered July 16, 1993, convicting him of mur-

der in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial revealed that the defendant was one of several individuals who perpetrated a brutal and senseless assault upon an alleged "crackhead" in a Queens Park. Using a smoldering log that had been removed from a fire in a trash barrel, the defendant repeatedly beat the victim in the head, while other members of the group kicked and pummelled him. When later questioned about the attack, one of the assailants testified that there was "[n]o particular reason" for it, "it just happened". The victim died from multiple skull fractures and blunt impact head injuries.

Contrary to the defendant's contentions, he did not receive ineffective assistance of counsel. Rather, reviewing the totality of the circumstances, it is clear that the defendant received meaningful representation (*see, People v Flores*, 84 NY2d 184; *People v Diaz*, 199 AD2d 182).

Furthermore, the imposition of a more severe sentence after trial than that offered to the defendant pursuant to a plea bargain he rejected does not support his claim that he was impermissibly penalized for exercising his right to go to trial (*see, People v Pena*, 50 NY2d 400, 411-412, *cert denied* 449 US 1087; *People v Clarke*, 195 AD2d 569, 571; *People v Patterson*, 106 AD2d 520, 521). Moreover, the sentence was not excessive (*People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Miller, J. P., Pizzuto, Joy and Goldstein, JJ., concur.