■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE CLARKE, Appellant. [636 NYS2d 529] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant's contentions that the trial court erred in failing to give a circumstantial evidence charge and in improperly restricting defense counsel's opening statement are not preserved for our review *(see,* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]). The evidence, viewed in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), is sufficient to support the conviction, and the verdict is not contrary to the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). Defense counsel provided meaningful representation *(see, People v Baldi,* 54 NY2d 137, 147). The remaining contentions raised in the *pro se* supplemental brief are based upon matters outside the record and are not subject to review on direct appeal *(see, People v Simmons,* 221 AD2d 994; *People v Ford,* 184 AD2d 1013, *lv denied* 80 NY2d 929).

In our view, the sentence of 15 years to life imposed upon the burglary conviction is unduly harsh. Although defendant

has had a number of contacts with the law, the majority of his convictions are for petty offenses and none of his convictions involves an act of violence. We, therefore, as a matter of discretion in the interest of justice, reduce defendant's sentence to an indeterminate term of incarceration of 8 years to life *(see,* CPL 470.15 [6] [b]; *People v Friday,* 114 AD2d 970, 972; *People v Brewer,* 109 AD2d 1077, 1077-1078). (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Burglary, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Balio, JJ.