■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD JONES, Appellant. [645 NYS2d 692] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that County Court erred in admitting the gun into evidence. The People showed that the gun was relevant to the charge of robbery in the first degree under Penal Law § 160.15 (4) (*see, People v Saez*, 69 NY2d 802, 804; *People v Baskerville*, 60 NY2d 374, 381), and they showed a sufficient nexus between defendant and the gun (*see, People v Rowley*, 160 AD2d 963, 964, *lv dismissed* 76 NY2d 896, *lv denied* 78 NY2d 926; *People v Dinkins*, 139 AD2d 759). Any issues concerning either the probative value of the gun or the accuracy of the victims' identification of it were for the jury (*see, People v Rowley, supra,* at 964; *People v Dinkins, supra,* at 760).

Furthermore, we reject the contention of defendant that the sentence is unduly harsh and severe. The imposition of a more severe sentence after trial than that offered to defendant pursuant to a plea offer that he rejected, without more, does not support the contention of defendant that he was penalized for exercising his right to go to trial (*see, People v Pena*, 50 NY2d 400, 411-412, *rearg denied* 51 NY2d 770, *cert denied* 449 US 1087; *People v Lam*, 226 AD2d 554; *People v Reed*, 222 AD2d 616).

Lastly, we have reviewed the contention raised in defendant's

supplemental *pro se* brief and conclude that it is lacking in merit. (Appeal from Judgment of Onondaga County Court, Burke, J.—Robbery, 1st Degree.) Present—Pine, J. P., Lawton, Wesley, Balio and Davis, JJ.