■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BRANDON, Appellant. [703 NYS2d 803] —Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for our review his contention that the police failed to honor his right to remain silent (*see, People v Mandrachio*, 55 NY2d 906, 907, *cert denied* 457 US 1122). In any event, that contention is without merit. The record does not demonstrate that defendant made an unequivocal and unqualified assertion of his right to remain silent (*see, People v Morton*, 231 AD2d 927, 928, *lv denied* 89 NY2d 944). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Monroe County, Galloway, J.—Burglary, 2nd Degree.) Present—Green, A. P. J., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHSAAN M. SAMUELS, Appellant. [703 NYS2d 768] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that County Court impermissibly penalized him for exercising his right to go to trial. "The imposition of a more severe sentence after trial than that offered to defendant pursuant to a plea offer that he rejected, without more, does not support the contention of defendant that he was penalized for exercising his right to go to trial" (*People v Jones*, 229 AD2d 980, *lv denied* 89 NY2d 925). (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, A. P. J., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.