■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON LUSBY, Appellant. [769 NYS2d 804]—

Appeal from a judgment of Ontario County Court (Harvey, J.),

entered July 17, 2002, convicting defendant after a jury trial of forgery in the second degree and attempted petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice by vacating the finding that defendant is a persistent felony offender and reducing the sentence imposed on forgery in the second degree to an indeterminate term of incarceration of 3½ to 7 years and as modified the judgment is affirmed.

Memorandum: We reject the contention of defendant that the evidence that he signed a blank fingerprint card with a false name is legally insufficient to support his conviction of forgery in the second degree (Penal Law § 170.10 [2]; *see People v Van Schoick*, 198 AD2d 907 [1993], *lv denied* 83 NY2d 811 [1994]; *see also People v Kirk*, 115 AD2d 758 [1985], *affd* 68 NY2d 722 [1986]). We reject the further contention of defendant that the verdict is against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). County Court did not abuse its discretion in denying defendant's belated request for funds to hire a forensic toxicologist (*see People v Drumgoole*, 234 AD2d 888, 889-890 [1996], *lv denied* 89 NY2d 1011 [1997]; *People v Schneider*, 188 AD2d 754, 756-757 [1992], *lv denied* 81 NY2d 892 [1993]). Defendant was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). We reject the contention of defendant that the court penalized him for exercising his right to trial by imposing a more severe sentence than that offered pursuant to a plea bargain (*see People v Samuels*, 269 AD2d 859 [2000], *lv denied* 94 NY2d 925 [2000]; *People v Jones*, 229 AD2d 980 [1996], *lv denied* 89 NY2d 925 [1996]). As a matter of discretion in the interest of justice, however, we modify the judgment by vacating the finding that defendant is a persistent felony offender and reducing the sentence imposed on the forgery count to an indeterminate term of incarceration of 3½ to 7 years (*see People v Rivera*, 166 AD2d 367, 368-369 [1990], *lv denied* 77 NY2d 842 [1991]; *see also People v Clarke*, 222 AD2d 1035 [1995], *lv denied* 88 NY2d 934 [1996]). Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.