THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE WOODS, Appellant. [804 NYS2d 874]—

Appeal from a judgment of the Ontario County Court (James R. Harvey, J.), rendered June 23, 2004. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and unlawful imprisonment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him after a jury trial of, inter alia, criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that the evidence is legally insufficient to support the conviction of that crime because the People failed to establish that he acted in concert with others to sell crack cocaine to an undercover police investigator. We reject that contention. As defendant correctly notes, the evidence establishes that he was not present in the basement of the house when the investigator gave money to a codefendant, nor was he present in the basement when the codefendant went upstairs, retrieved three small green baggies containing cocaine, returned to the basement, and gave the cocaine to the investigator. Nevertheless, the People presented evidence establishing that, when the investigator returned to the kitchen area in order to leave the house, defendant was in that area, holding a bag containing small green

baggies resembling those purchased by the investigator. The People further presented evidence establishing that defendant refused to permit the investigator to leave the house unless she agreed to smoke cocaine. Defendant eventually permitted the investigator to leave, however, when the informant who had accompanied the investigator convinced defendant that the investigator had purchased the cocaine for another person. In addition, the People presented evidence establishing that, when defendant was arrested several hours later, cocaine packaged in the same manner as the cocaine sold to the investigator and approximately $1,100, including the four $20 bills used by the investigator to purchase the cocaine, were recovered from defendant. We thus conclude that the evidence is legally sufficient to establish that defendant "shared the requisite *mens rea* for the underlying crime . . .[, i.e., he] exhibited . . . calculated or direct behavior that purposefully . . . furthered the sale of the [cocaine]" (*People v Bello*, 92 NY2d 523, 526 [1998]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In addition, the evidence is legally sufficient to establish that defendant "intentionally aided the principal in the commission of the crime" (*Bello*, 92 NY2d at 526; *see generally Bleakley*, 69 NY2d at 495). Also contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We further conclude that County Court properly admitted testimony concerning the events surrounding defendant's arrest several hours after the sale of the cocaine. That testimony was admissible as a *Molineux* exception on the issue whether defendant acted in concert with others (*see People v Carter*, 77 NY2d 95, 107 [1990], *cert denied* 499 US 967 [1991]), and the court properly balanced the probative value of that testimony against its potential for prejudice (*see generally People v Alvino*, 71 NY2d 233, 241-242 [1987]).

The record does not support the contention of defendant that the court penalized him for exercising his right to a trial by imposing a more severe sentence than that offered as part of the plea bargain (*see People v Pena*, 50 NY2d 400, 411-412 [1980], *rearg denied* 51 NY2d 770 [1980], *cert denied* 449 US 1087 [1981]; *People v Taplin*, 1 AD3d 1044, 1046 [2003], *lv denied* 1 NY3d 635 [2004]; *People v Lewis*, 292 AD2d 814, 815 [2002], *lv denied* 98 NY2d 677 [2002]; *People v Samuels*, 269 AD2d 859 [2000], *lv denied* 94 NY2d 925 [2000]). The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Scudder, J.P., Martoche, Smith, Pine and Hayes, JJ.