THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN J. LAWS, Appellant. [838 NYS2d 328]—

Appeal from a judgment of the Wayne County Court (Stephen R. Sirkin, J.), rendered October 5, 2005. The judgment convicted defendant, upon a jury verdict, of escape in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of escape in the first degree (Penal Law § 205.15 [2]). Defendant contends that he was denied his right to be indicted by the grand jury on the escape charge on the ground that he was not indicted on the underlying felony, burglary in the first degree (§ 140.30). Penal Law § 205.15 (2) provides that "[a] person is guilty of escape in the first degree when[,] . . . [h]aving been arrested for, charged with or convicted of a class A or class B felony, he escapes from custody . . . ." The contention of defendant with respect to the escape charge is unavailing inasmuch as "the People need not prove to the [g]rand [j]ury's satisfaction that the underlying crime was

actually committed . . . The statute is satisfied if the People establish that the police had reasonable cause to believe at the time of the arrest that an A or B felony has been committed. The ultimate disposition of the underlying charge is irrelevant" (*People v Maldonado*, 86 NY2d 631, 634 [1995]). To the extent that defendant challenges the legal sufficiency of the evidence before the grand jury, we conclude that defendant was convicted "upon legally sufficient trial evidence, and thus his contention with respect to the competency of the evidence before the grand jury is not reviewable upon an appeal from the ensuing judgment of conviction" (*People v Haberer*, 24 AD3d 1283, 1284 [2005], *lv denied* 7 NY3d 756, 848 [2006] [internal quotation marks omitted]; *see* CPL 210.30 [6]; *People v Prezioso*, 199 AD2d 343, 344 [1993], *lv denied* 83 NY2d 857 [1994]; *see also People v Montgomery*, 1 AD3d 984, 985 [2003], *lv denied* 1 NY3d 631 [2004]).

Contrary to defendant's contention, the conviction is supported by legally sufficient evidence, and the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The evidence at trial established that, when defendant was arrested, the police had reasonable cause to believe that he had committed the crime of burglary in the first degree. We further reject the contention of defendant that County Court erred in denying his request for a hearing to determine whether the police had reasonable cause to believe at the time of his arrest that he had committed the crime of burglary in the first degree. No evidence was obtained after the arrest that was subject to suppression, and the issue whether the People established that the police had reasonable cause to believe that defendant had committed a class B felony was for the jury to determine (*see* Penal Law § 205.15; *Maldonado*, 86 NY2d at 634).

Defendant failed to preserve for our review his further contention that the court erred in refusing to charge the jury that "probable cause to arrest must exist at the time of the arrest" inasmuch as he did not object to the charge (*see* CPL 470.05 [2]; *see also People v Folger*, 292 AD2d 841, 842 [2002], *lv denied* 98 NY2d 675 [2002]). In any event, we conclude that the court properly charged the jury with respect to whether defendant's arrest was authorized.

Finally, the sentence is not unduly harsh or severe, and defendant was not penalized for exercising his right to trial. "The imposition of a more severe sentence after trial than that offered to defendant pursuant to a plea offer that he rejected, without more, does not support the contention of defendant

that he was penalized for exercising his right to go to trial" (*People v Jones*, 229 AD2d 980, 980 [1996], *lv denied* 89 NY2d 925 [1996]; *see People v Pena*, 50 NY2d 400, 412 [1980], *rearg denied* 51 NY2d 770 [1980], *cert denied* 449 US 1087 [1981]; *People v Reed*, 222 AD2d 616 [1995], *lv denied* 87 NY2d 1024 [1996]). Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Pine, JJ.