# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

412

KA 06-02304

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TIMOTHY J. JOHNSON, DEFENDANT-APPELLANT.

---

KRISTIN F. SPLAIN, CONFLICT DEFENDER, ROCHESTER (KIMBERLY J. CZAPRANSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered March 30, 2006. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the third degree (Penal Law § 265.02 [former (4)]). Contrary to defendant's contention, the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant was charged as an accomplice (*see* § 20.00) and, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to establish that defendant jointly possessed his codefendant's loaded firearm (*see People v Velasquez*, 44 AD3d 412, 412, *lv denied* 9 NY3d 1040). According to the evidence presented at trial, just prior to the shooting defendant was driving a moped on which the codefendant was a passenger. Immediately before the codefendant fired a shot or shots toward a vehicle, defendant stopped the moped. It may therefore be inferred that defendant was aware that the codefendant had a loaded firearm, and that he aided the codefendant in that possession inasmuch as he stopped the moped in order for the codefendant to be able to line up his target and fire. In addition, defendant's actions after the shooting further show that he intentionally aided the codefendant in his possession of the loaded firearm. Defendant sped away from the scene of the shooting, swerving past a police vehicle in the process. He ignored the officer's efforts to stop the moped. Indeed, he drove onto the sidewalk, cut through a parking lot, and tried to maneuver around the police

vehicles when the police attempted to block him.  We therefore conclude that "defendant's conduct showed that he was aware that his codefendant possessed a handgun" and that he intentionally aided the codefendant in that possession (*People v Santiago*, 199 AD2d 290, 290, *lv denied* 82 NY2d 930; *see People v Carney*, 18 AD3d 242, 243, *lv denied* 5 NY3d 882).

Inasmuch as the evidence at trial is legally sufficient, defendant's challenge to the sufficiency of the evidence before the grand jury is not reviewable on this appeal from the ensuing judgment of conviction (*see People v McCullough*, 83 AD3d 1438, 1439, *lv denied* 17 NY3d 798; *People v Laws*, 41 AD3d 1205, 1206, *lv denied* 9 NY3d 991). Defendant failed to preserve for our review his further contention that his right of confrontation was violated at the predicate felony offender hearing at sentencing (*see People v Dennis*, 91 AD3d 1277, 1278; *People v McMillon*, 77 AD3d 1375, 1375-1376, *lv denied* 16 NY3d 897).  In any event, contrary to defendant's contention, the right of confrontation set forth in *Crawford v Washington* (541 US 36) "does not apply at sentencing proceedings" (*People v Leon*, 10 NY3d 122, 126, *cert denied* 554 US 926).  Finally, the sentence is not unduly harsh or severe.

Entered:  April 20, 2012                    Frances E. Cafarell
                                            Clerk of the Court