# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1105**

**KA 13-00035**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JORDAN J. ELLISON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered January 7, 2013. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree (two counts) and criminal possession of stolen property in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentences imposed to concurrent indeterminate terms of incarceration of 15 years to life and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [1]) and two counts of burglary in the third degree (§ 140.20). One of the burglary counts arose from an incident that occurred at Marketplace Mall when defendant entered Macy's Department Store and filled two garbage bags with clothes before running out of the store without paying for the items. Although defendant jumped into a waiting vehicle that sped away, the theft was captured on the store's surveillance video, and store security officers recognized defendant from prior shoplifting arrests. Due to the prior thefts, defendant had been barred for life from entering Macy's and the mall itself.

Five days later, defendant entered the Gap store at Greece Ridge Mall and filled a large black garbage bag with clothes. A store security officer observed defendant on surveillance video. Upon checking the video of the parking lot area, the security officer determined that defendant had arrived at the mall in a gray Ford Taurus with the license plate number ELT 1037. As defendant approached the door without having paid for the items, the security

officer contacted a deputy sheriff who was on patrol outside the mall. Minutes later, the deputy sheriff, who had been apprised of the make, model and license plate number of the suspect's vehicle, observed defendant in the mall parking lot carrying a large black garbage bag and walking toward a parked gray Ford Taurus with the license plate number ELT 1037. The deputy sheriff approached defendant and, when he asked what was in the bag, which appeared to be filled, defendant responded, "Nothing." The deputy sheriff then asked defendant where he was going, whereupon defendant said "right here." The deputy sheriff ordered defendant to drop the bag, and defendant complied with that request. After frisking defendant for weapons, the officer looked inside the bag and observed 61 shirts on hangers. A Gap employee summoned to the scene informed the deputy sheriff that defendant had not purchased any of the shirts, the total value of which exceeded $2,000.

Defendant was later indicted on two counts of burglary in the third degree, for unlawfully entering Macy's and Marketplace Mall with the intent to commit a crime therein, and criminal possession of stolen property in the fourth degree, for possessing the 61 stolen shirts from the Gap. In his omnibus motion, defendant sought suppression of the shirts he had stolen from the Gap, contending that the evidence was unlawfully seized by the police. Following a hearing, Supreme Court denied the omnibus motion insofar as it sought suppression of the stolen property. After defendant rejected a plea offer that would have resulted in an aggregate sentence of two to four years' imprisonment, the matter proceeded to trial before a jury, which found defendant guilty of all three counts of the indictment. The court thereafter adjudicated defendant to be a persistent felony offender and sentenced him to concurrent indeterminate terms of imprisonment of 20 years to life. This appeal ensued.

Defendant contends that he was unlawfully detained by the deputy sheriff in the parking lot at Greece Ridge Mall, and that the court therefore erred in refusing to suppress the stolen shirts found by the deputy sheriff during the subsequent search of the garbage bag defendant was carrying. We reject that contention. As noted, the deputy sheriff observed defendant carrying the bag while walking away from the scene of a recently reported larceny and in the direction of the suspected getaway vehicle. Although there were other people in the parking lot at the time, defendant was the only person walking toward that vehicle and the only person carrying a large garbage bag, which is unusual in that setting. Based on those observations, we conclude that the deputy sheriff had the requisite founded suspicion that criminal activity was afoot sufficient to justify the common-law right of inquiry (*see generally People v De Bour*, 40 NY2d 210, 223; *People v Carr*, 103 AD3d 1194, 1195; *People v McKinley*, 101 AD3d 1747, 1748, *lv denied* 21 NY3d 1017).

Moving to the next step of the *DeBour* analysis, we conclude that the deputy sheriff's questions of defendant were reasonably related to the scope of the circumstances that justified the interference (*see id.* at 215; *see also People v Torres*, 74 NY2d 224, 229-230; *People v Davis*, 81 AD3d 1321, 1321-1322, *lv denied* 16 NY3d 858). In response

to the deputy sheriff's first question, defendant offered the obviously false answer that there was nothing in the bag, which contained 61 shirts on hangers.  That false answer, combined with the information already obtained by the deputy sheriff, gave rise to a reasonable suspicion that defendant had committed or was committing a crime (*see People v Ralston*, 303 AD2d 1014, 1014, *lv denied* 100 NY2d 565).  It thus follows that the deputy sheriff acted lawfully in stopping and detaining defendant for investigative purposes.

Defendant further contends that the court erred in conducting a *Sandoval* conference outside his presence.  We reject that contention as well.  Although it is well settled that "a defendant has a right to be present during the substantive portion of the *Sandoval* hearing" (*People v Favor*, 82 NY2d 254, 265, *rearg denied* 83 NY2d 801), "a defendant's absence from the initial *Sandoval* conference does not require reversal where subsequent proceedings conducted on the record in defendant's presence constitute a de novo inquiry" (*People v Vargas*, 201 AD2d 963, 964, *lv denied* 83 NY2d 859).  Here, although defendant was not present at a pretrial conference in chambers during which *Sandoval* matters were discussed, defendant was present during a subsequent court appearance during which the People stated their intention to cross-examine defendant with respect to all of his criminal convictions from the past 10 years.  Notably, the court recited each of the 20 convictions and the dates they were entered and, after hearing arguments from defense counsel, rendered its *Sandoval* ruling.  Under the circumstances, we conclude that the court conducted a de novo *Sandoval* hearing, and did not, as defendant contends, merely recite "in the defendant's presence . . . what has already been determined in his absence" (*People v Monclavo*, 87 NY2d 1029, 1031).

We agree with defendant, however, that his sentence should be modified in the interest of justice.  Although defendant has an extensive criminal record and for decades has demonstrated a consistent disregard for the property rights of others, he is essentially a serial shoplifter who does not engage in acts of violence.  We also note that the pretrial plea offer extended to defendant included a sentence promise of two to four years in prison.  We thus conclude that the sentence of 20 years to life is unduly harsh and severe.  Because defendant does not challenge the court's finding that he is a persistent felony offender, the minimum sentence permitted by law is 15 years to life (*see* Penal Law §§ 70.00 [3] [a] [i]; 70.10 [2]), and we exercise our discretion to modify the judgment accordingly (*see generally* CPL 470.15 [6] [b]).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court