People v Ellison (2018 NY Slip Op 08833)





People v Ellison


2018 NY Slip Op 08833


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1311 KA 13-00035

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JORDAN J. ELLISON, DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered January 7, 2013. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree (two counts) and criminal possession of stolen property in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by vacating the finding that defendant is a persistent felony offender, reducing the sentences imposed for burglary in the third degree under counts one and two of the indictment to indeterminate terms of incarceration of 3½ to 7 years, reducing the sentence imposed for criminal possession of stolen property in the fourth degree under count three of the indictment to an indeterminate term of incarceration of 2 to 4 years, and directing that the sentences on counts one and two run concurrently with each other and consecutively to the sentence imposed on count three, and as modified the judgment is affirmed.
Memorandum: Following a jury trial, defendant was convicted of two counts of burglary in the third degree (Penal Law § 140.20) and one count of criminal possession of stolen property in the fourth degree (§ 165.45 [1]). The charges arose from two separate shoplifting incidents that occurred five days apart. As a result of the first theft, which occurred at a Macy's store in Marketplace Mall, defendant was charged with two counts of burglary in the third degree because he had previously been banned for life from entering Macy's and the mall itself. The second theft, occurring at a Gap store in a different mall, resulted in a felony possession of stolen property charge because the value of the items taken by defendant exceeded $1,000. All of the property from both thefts was recovered by the police minutes after defendant left the stores. Although defendant had been offered the opportunity prior to trial to plead guilty in return for a sentencing promise of concurrent indeterminate terms of incarceration of 2 to 4 years, he rejected that offer and proceeded to trial. The proof of guilt at trial was overwhelming, and the jury quickly returned a guilty verdict on all counts. Supreme Court thereafter adjudicated defendant a persistent felony offender and sentenced him to 20 years to life on each count. The sentences are concurrent.
On a prior appeal, we modified the judgment by reducing the sentences imposed to concurrent indeterminate terms of incarceration of 15 years to life and otherwise affirmed (People v Ellison, 124 AD3d 1230 [4th Dept 2015], lv denied 25 NY3d 1201 [2015]). We thereafter granted defendant's motion for a writ of error coram nobis based on his appellate counsel's failure to contend that the court "abused its discretion in finding defendant a persistent felony offender" (People v Ellison, 136 AD3d 1354, 1354 [4th Dept 2016]). We now consider defendant's appeal de novo.
The sentencing court's determination to sentence a defendant as a persistent felony offender "cannot be held erroneous as a matter of law, unless [that] court acts arbitrarily or irrationally" (People v Rivera, 5 NY3d 61, 68 [2005], cert denied 546 US 984 [2005]). Even [*2]where the sentencing court does not err as a matter of law in adjudicating a defendant to be a persistent felony offender, however, "[t]he Appellate Division, in its own discretion, may conclude that a persistent felony offender sentence is too harsh or otherwise improvident" (id.). "In this way, the Appellate Division can and should mitigate inappropriately severe applications of the statute" (id.). A determination by the Appellate Division to vacate a harsh or severe persistent felony offender finding is authorized by CPL 470.20 (6), which grants the Appellate Division discretion to modify sentences in the interest of justice "without deference to the sentencing court" (People v Delgado, 80 NY2d 780, 783 [1992]; see People v Meacham, 151 AD3d 1666, 1670 [4th Dept 2017], lv denied 30 NY3d 981 [2017]).
Here, given defendant's extensive criminal record, we cannot conclude that the court acted arbitrarily or irrationally in finding defendant to be a persistent felony offender. Nevertheless, we exercise our discretion in the interest of justice to vacate that finding (see People v Lusby, 2 AD3d 1332, 1333 [4th Dept 2003]; People v Beckwith, 309 AD2d 1253, 1254 [4th Dept 2003]; People v Collazo, 273 AD2d 93, 93 [1st Dept 2000], lv denied 95 NY2d 889 [2000]). Although defendant has a lengthy criminal history, almost all of his offenses stem from him stealing from stores to get money to support his long-standing drug habit. It does not appear from the presentence report that defendant has ever inflicted violence on anyone, and he certainly did not physically harm anyone in this case.
We note that the People never requested that defendant be adjudicated a persistent felony offender; instead, the court sua sponte ordered the persistent felony offender hearing. As noted, the People, in a pretrial plea bargain, offered defendant a sentence of concurrent indeterminate terms of incarceration of 2 to 4 years. Moreover, the judge who initially handled this case transferred it to Drug Treatment Court, which rejected defendant due to his extended period of sobriety—he had been in jail for more than a year at the time awaiting trial. Defendant thus went from having his case transferred to Drug Treatment Court, where successful completion may have resulted in reduction of the felony charges to misdemeanors, to being sentenced to 20 years to life, on the same charges. Such a disparity between the plea offer and the ultimate sentence militates in favor of a sentence reduction, especially for a nonviolent offender such as defendant.
Thus, as a matter of discretion in the interest of justice, we modify the judgment by vacating the finding that defendant is a persistent felony offender, reducing the sentences imposed for burglary in the third degree under counts one and two of the indictment to indeterminate terms of incarceration of 3½ to 7 years, reducing the sentence imposed for criminal possession of stolen property in the fourth degree under count three to an indeterminate term of incarceration of 2 to 4 years, and directing that the sentences imposed on counts one and two run concurrently with each other and consecutively to the sentence imposed on count three. Those are the maximum sentences that may be imposed upon a second felony offender for the subject crimes. The aggregate sentence as modified is 5½ to 11 years.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court