People v Young (2022 NY Slip Op 05635)

People v Young

2022 NY Slip Op 05635

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

700 KA 20-00841

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMAL YOUNG, DEFENDANT-APPELLANT. 

JEREMY D. SCHWARTZ, LACKAWANNA, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered February 20, 2020. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that the conviction is not supported by legally sufficient evidence of his intent. Contrary to defendant's contention, the evidence, viewed in the light most favorable to the People (see People v Delamota, 18 NY3d 107, 113 [2011]), is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We initially note that, although defendant was charged as both a principal and an accessory, there is no dispute that defendant did not personally participate in the shooting that led to this prosecution and that defendant may therefore be held criminally liable for the conduct of the codefendant only as an accessory (see generally People v Hawkins, 192 AD3d 1637, 1638 [4th Dept 2021]). "Accessorial liability requires only that defendant, acting with the mental culpability required for the commission of the crime, intentionally aid another in the conduct constituting the offense" (People v Pizarro, 151 AD3d 1678, 1681 [4th Dept 2017], lv denied 29 NY3d 1132 [2017] [internal quotation marks omitted]; see § 20.00; People v Williams, 179 AD3d 1502, 1502 [4th Dept 2020], lv denied 35 NY3d 995 [2020]). "Whether an accessory shares the intent of a principal actor may be established by circumstantial evidence" (People v Davis, 177 AD3d 1323, 1324 [4th Dept 2019], lv denied 35 NY3d 969 [2020]). Here, the People introduced evidence at trial, including video recordings from numerous sources, from which the jury could reasonably have concluded that defendant's vehicle, with defendant driving and the codefendant in the passenger seat, followed immediately behind the victim's vehicle until the victim's vehicle entered a gas station parking lot. The evidence would also permit the jury to reasonably conclude that defendant then drove his vehicle a short distance down the street next to the gas station and stopped, that the codefendant got out, walked to the victim's vehicle, and repeatedly shot the victim as he sat in the driver's seat of his vehicle, that the codefendant then ran directly to defendant's waiting vehicle and entered it, and that they drove away. The People also introduced evidence establishing that defendant and the codefendant frequently posted pictures of themselves together on social media before the incident, that they exchanged 39 telephone calls in the two weeks before the incident, and that they were recorded together at a mall immediately after the shooting. Defendant initially lied to the police about his whereabouts at the time of the incident, and when he was told at the time of his arrest that he was charged with murder and criminal possession of a weapon, he said "that gun charge ain't gonna stick. They never found that gun." We conclude that the totality of the evidence concerning defendant's behavior before, during, and after the incident is sufficient to establish that defendant intentionally aided the codefendant to possess the weapon used in the shooting (see People v Johnson, 94 AD3d 1408, 1409 [4th Dept 2012], lv denied 19 NY3d 998 [2012]; see generally People v Allah, 71 NY2d [*2]830, 831-832 [1988]) and that the jury could have reasonably concluded that defendant and the codefendant shared "a common purpose and a collective objective" (People v Cabey, 85 NY2d 417, 422 [1995]; cf. Hawkins, 192 AD3d at 1638-1639).
We reject defendant's further contention that the evidence supporting his conviction of criminal possession of a weapon in the second degree is insufficient because the conviction is factually inconsistent with the part of the jury verdict acquitting him on a charge of murder in the second degree arising from the same incident. Factual inconsistency—"which can be attributed to mistake, confusion, compromise or mercy—does not provide a reviewing court with the power to overturn a verdict" (People v Muhammad, 17 NY3d 532, 545 [2011]; see People v Abraham, 22 NY3d 140, 146 [2013]; see generally People v Nichols, 163 AD3d 39, 44-47 [4th Dept 2018]).
Furthermore, viewing the evidence in light of the elements of criminal possession of a weapon in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict on that count is not against the weight of the evidence (cf. Hawkins, 192 AD3d at 1640; see generally Bleakley, 69 NY2d at 495).
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court